## Mary Christ, Appellee, v. Chicago Railways Company, Appellant.

### Gen. No. 19,918.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JOHN P. McGOORTY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed December 31, 1914. Rehearing denied January 8, 1915.

### Statement of the Case.

Action on the case by Mary Christ against the Chicago Railways Company to recover damages for personal injuries, alleged to have been caused by the negligence of the defendant in jerking or starting a street car as the plaintiff was alighting therefrom. The defendant filed pleas of the general issue and nonownership. The case was tried before a court and a jury, and verdict returned finding the defendant guilty and assessing plaintiff's damages at one thousand five hundred dollars. The plaintiff remitted five hundred dollars from the amount assessed, a motion for new trial was overruled and judgment entered on the verdict for one thousand dollars. To reverse said judgment, the defendant appealed.

CHARLES L. MAHONY and ALFRED B. DAVIS, for appellant; JOHN R. GUILLIAMS and FRANK L. KRIETE, of counsel.

SPENCER WARD, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1410*—*when verdict will not be disturbed.* In an action for personal injuries sustained while alighting from a street car, a verdict in favor of the plaintiff was not manifestly against the weight of the evidence.

2. DAMAGES, § 112*—*when verdict not excessive.* In an action for personal injuries sustained by a woman while alighting from a street car, due to the car starting suddenly, a verdict of fifteen hundred dollars reduced to one thousand dollars was not excessive.

3. APPEAL AND ERROR, § 1535*—*when instruction cannot be complained of.* In an action for personal injuries sustained while alighting from a street car, the giving of an instruction as to the burden of proof which omitted the element of the number of witnesses testifying pro and con upon the controverted material facts in the case was error, but a defendant was not warranted in complaining of it where the record did not show that the question of the number of witnesses was an important element in the case, and that it suffered by the giving of the instruction.

4. APPEAL AND ERROR, § 1544*—*when erroneous instruction as to contributory negligence harmless.* In an action for personal injuries sustained while alighting from a street car, the giving of an instruction as to the burden of proof, stating that the jury "should" take into consideration the elements named in the instruction, was erroneous as misleading and as tending to invade the province of the jury, and the word "may" should have been used, but in view of the state of the record, the giving of the instruction was harmless error.

5. APPEAL AND ERROR, § 1565*—*when modification of instruction harmless.* In an action for personal injuries, the modification of an instruction as to the credibility of witnesses, by striking out the words requiring the jury to consider testimony "the same as you would receive the testimony of any other witness," did not constitute reversible error, as the meaning of the instruction was not changed by the modification.

6. APPEAL AND ERROR, § 1565*—*when modification of instruction as to contributory negligence harmless.* In an action for personal injuries sustained by a passenger while alighting from a street car, where an instruction requiring the plaintiff to use her faculties with ordinary care only "in looking out for danger" was modified by striking out the quoted words, the modification was not harmful to the defendant, as in the instruction as given there was no limitation as to the care that the plaintiff was required to use to avoid injury.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.